UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

CHONG CHOL NAM and MYUN JAE KO

                 Plaintiffs,

     -against-

ICHIBA INC., ICHIBA SMITHSTREET INC.,
and DAVID AHN

                 Defendants.

---------------------------------------X

**MEMORANDUM & ORDER**
19-cv-1222(KAM)

**MATSUMOTO, United States District Judge:**

         Chong Chol Nam ("Nam") and Myun Jae Ko ("Ko") (collectively "Plaintiffs") bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and New York Labor Law, Art. 19 §§ 650 *et seq.* ("NYLL") against Ichiba Inc., Ichiba Smithstreet Inc., and David Ahn (collectively "Defendants").  Plaintiffs' complaint alleged that defendants failed to (1) pay wages required by the FLSA and NYLL; (2) pay overtime wages required by the FLSA and NYLL; and (3) provide written wage notice and wage statements pursuant to the New York Wage Theft Prevention Act (the "WTPA"), N.Y. Lab. Law § 195.  (*See* ECF No. 22, Amended Complaint ("Am. Compl.").)  Plaintiffs seek to recover unpaid wage and overtime damages, WTPA damages, liquidated damages, and attorneys' fees and costs.  (*See* Am. Compl.)  For the reasons set forth below, the court

grants plaintiffs' motion for default judgment with respect to liability on all of their claims against Ichiba Inc. and Ichiba Smithstreet Inc., awards damages claimed by plaintiffs that are attributable to defendants' wage and hour violations, defendants' WTPA damages, and awards attorneys' fees and costs to plaintiffs, plus post-judgment interest as prescribed in 28 U.S.C. § 1961.

## BACKGROUND

### I.    Facts

Where a defendant defaults, a court must accept the plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187-88 (2d Cir. 2015).  The court consequently accepts Plaintiff's well-pleaded factual allegations as true for the purpose of reviewing its motion for default judgment. (*See* Am. Compl.; ECF No. 31, Memorandum in Support of Plaintiffs' Motion for Default Judgment, filed April 21, 2020 ("Pl. Mem.").)

Nam and Ko were employees of defendants, who operated a Japanese restaurant in Manhattan.  (Am. Compl. at ¶¶ 2-5.)  In Fall 2018, Defendants hired plaintiffs for the interior construction of defendants' second restaurant location. (*Id.* at ¶¶ 8, 13.)  Nam worked from September 12, 2018 to December 22,

2

2018. (*Id.* at ¶ 9.) Nam performed manual labor for defendants and worked from 7:00 a.m. to 7:00 p.m. for a total of approximately seventy-two hours per week. (*Id.* at ¶¶ 10, 19.) Nam was hired at a flat rate of $1,500 per week. (*Id.* at ¶ 11.) Defendants paid Nam $7,000 for his first month of work but did not pay Nam for the subsequent weeks he worked. (*Id.* at ¶ 11.) Ko worked from November 5, 2018 to December 21, 2018. (*Id.* at ¶ 13.) Ko performed manual labor for defendants and worked from 7:00 a.m. to 7:00 p.m. for a total of approximately sixty hours per week. (*Id.* at ¶¶ 14, 18.) Ko was hired at a flat rate of $350 per day. (*Id.* at ¶ 15.) Defendants paid Ko $4,000 for the seven weeks of his employment. (*Id.*) Neither Nam nor Ko were compensated for working more than forty hours per week. (*Id.* at ¶ 18.)

## II.  Procedural History

On March 1, 2019, plaintiffs filed the instant complaint against defendants Ichiba Inc., John Doe aka "Jay", and David Ahn under the FLSA and NYLL for unpaid wages, unpaid overtime wages, unpaid spread of hours compensation, liquidated damages, time of hire wage notice requirement violations, and pay stub requirement violations. (*See generally* ECF No. 1, Complaint.) Defendants failed to answer the complaint or otherwise appear. On April 18, 2019, Plaintiffs requested a certificate of default, and on April 23, 2019, the Clerk of

3

Court entered the certificate of default because the docket indicated that defendants had failed to appear or defend the action. (ECF No. 6, Request for Certificate of Default; ECF No. 7, Clerk's Entry of Default.).

On May 20, 2019, the plaintiffs filed a motion for default judgment. (ECF No. 8, Motion for Default Judgment.) The court denied the motion for default judgment because service of process was defective. (Dkt. Order, 5/30/2019.) As a result, plaintiffs were ordered to show cause as to why the court should not vacate the certificate of default issued for insufficient service of process on the non-appearing defendants. (*Id.*) After a hearing was held on August 7, 2019, the court ordered on August 14, 2019 that the certificate of default be vacated and ordered plaintiffs to properly serve a copy of the summons and complaint on the defendants and file proof of service by September 30, 2019. (Dkt. Order 8/14/2019.) The court also recommended that plaintiffs amend their complaint because there were issues with the corporate defendant named in the complaint. (*Id.*)

On August 15, 2019, plaintiffs submitted an amended complaint against Ichiba Inc., Ichiba Smithstreet Inc. (collectively "corporate defendants" or "Ichiba defendants"), and David Ahn. (ECF. No. 22, Amended Complaint.) The Ichiba Defendants were served with a summons and a copy of the

4

complaint on August 21, 2019.  (ECF Nos. 26-27; Affidavits of
Service.)  The docket reflects that defendant, David Ahn, was
not served with the amended summons and complaint.  The Clerk
certified the default of the Ichiba defendants on October 15,
2019.  (ECF No. 29, Clerk's Entry of Default.)  Plaintiff now
moves for entry of default judgment pursuant to Federal Rule of
Civil Procedure 55(b)(2) and Local Rule 55.2(b).  (*See generally*
Pl. Mem.)  Plaintiff requests a default judgment awarding
$147,711.93 in damages.  (*Id.* at 3.)

**LEGAL STANDARD**

**I.  Default Judgment Standard**

To obtain a default judgment under Rule 55 of the
Federal Rules of Civil Procedure, a movant must complete a two-
step process.  *Rodriguez v. Almighty Cleaning, Inc.*, 784 F.
Supp. 2d 114, 123 (E.D.N.Y. 2011); *La Barbera v. Fed. Metal &
Glass Corp.*, 666 F. Supp. 2d 341, 346-47 (E.D.N.Y. 2009).
First, pursuant to Fed. R. Civ. P. 55(a) ("Rule 55(a)"), the
Clerk of the Court must enter default "[w]hen a party against
whom a judgment for affirmative relief is sought has failed to
plead or otherwise defend, and that failure is shown by
affidavit or otherwise."  Fed. R. Civ. P. 55(a); *Enron Oil Corp.
v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  Second, after the
Clerk of the Court has entered default pursuant to Rule 55(a),
the movant "may then make an application for entry of default

judgment pursuant to Fed. R. Civ. P. 55(b)." *Rodriguez*, 784 F. Supp. 2d at 123.  If the defendant fails to appear, or to move to set aside the default under Rule 55(c), the court may enter a default judgment.  Fed. R. Civ. P. 55(b)(2).

On a motion for entry of a default judgment, the court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997); *see also Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 119 (E.D.N.Y. 2013).  The Second Circuit has an "oft-stated preference for resolving disputes on the merits," making default judgments "generally disfavored." *Enron*, 10 F.3d at 95-96. "Accordingly, just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Mktg. Devs., Ltd. v. Genesis Imp. & Exp., Inc.*, No. 08-CV-3168 (CBA)(CLP), 2009 WL 4929419, at *2 (E.D.N.Y. Dec. 21, 2009) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).  Regardless of the assumption of truth of the complaint when a party is in default, the court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

An employee seeking to recover unpaid wages "has the burden of proving that he performed work for which he was not properly compensated." *Jiao v. Chen*, No. 03-CV-165 (DF), 2007 WL 4944767, at *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). An employer is required by federal and state law to maintain "records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." 29 U.S.C. § 211(c); *see also* 12 NYCRR § 142-2.6(a) ("[e]very employer shall establish, maintain and preserve for not less than six years, weekly payroll records"). In the case of a default judgment, the "defaulting defendant deprive[s] the plaintiff of the necessary employee records required by the FLSA, thus hampering [the] plaintiff's ability to prove his damages" and, consequently, "a plaintiff may meet his burden of proof by relying on recollection alone to establish that he performed work for which he was improperly compensated." *Kernes v. Global Structures, LLC*, No. 15-CV-659 (CM) (DF), 2016 WL 880199, at *6 (S.D.N.Y. Mar. 1, 2016) (internal citations and quotation marks omitted) (alteration in original); *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at *3 (S.D.N.Y. May 14, 2012), R&R adopted by, Order dated Aug. 9, 2012 (Dkt. No. 20).

"[A] district court retains discretion [on a motion for entry of a default] ... to require proof of necessary facts [,] and need not agree that the alleged facts constitute a valid cause of action." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). If the unchallenged facts establish defendant's liability, the court then determines the amount of damages due. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic*, 109 F.3d at 111) (citation omitted). An inquest on damages by affidavit, without an in-person hearing, may be conducted as long as the court can ensure "a basis for the damages specified in the default judgment." *Transatlantic*, 109 F.3d at 111; *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234 (JGK)(JLC), 2016 WL 4704917, at *5 (S.D.N.Y. Sept. 8, 2016), R&R adopted sub nom., 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016) ("An affidavit that sets forth the number of hours worked and pay received is sufficient" to carry the employee's burden of proving that he was not compensated for the work performed.) (citation omitted).

## II. Fair Labor Standards Act

To qualify for FLSA protection, a plaintiff must establish either enterprise or individual coverage under the statute. *See Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264 (CBA) (MDG), 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014). The FLSA specifically applies only to

8

employees: (1) who are personally engaged in interstate commerce or in the production of goods for interstate commerce or (2) who are employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce. *See* 29 U.S.C. § 206(a), (b).  An employee engages in commerce by "performing work involving or related to the movement of persons or things."  29 C.F.R. § 779.103.

The FLSA was enacted "to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'"  *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010) (quoting 29 U.S.C. § 202(a)).  "The statute of limitations for an FLSA claim is two years, unless the violation is 'willful,' in which case it is three years." *Kuebel v. Black & Decker Inc.,* 643 F.3d 352, 366 (2d Cir. 2011) (citing 29 U.S.C. § 255(a)).  When a defendant defaults, the violation is considered "willful" and the three-year statute of limitations applies.  *Leon v. Zita Chen*, No. 16-CV-480, 2017 WL 1184149, at *4 (E.D.N.Y. Mar. 29, 2017).  The statute of limitations starts to run when the employee begins to work for the employer.  *See Wicaksono v. XYZ 48 Corp,* No. 10 Civ. 3635,

2011 U.S. Dist. LEXIS 55771, at *8-9 (S.D.N.Y. May 2, 2011),
*adopted by* 2011 U.S. Dist. LEXIS 55734 (S.D.N.Y. May 24, 2011).

In the present case, defendants defaulted, and
therefore the three-year statute of limitations applies.  Nam
began working on approximately September 12, 2018, and Ko began
working on approximately November 5, 2018.  Plaintiffs filed
this complaint on March 1, 2019.  As such, plaintiffs' FLSA
claim is timely.

## III.  New York Labor Law

"The NYLL is the state analogue to the federal FLSA.
Although the NYLL does not require a plaintiff to show either a
nexus with interstate commerce or that the employer has any
minimum amount of sales, it otherwise mirrors the FLSA in most
aspects." *Herrera*, 2015 WL 1529653, at *4 (citing *Chun Jie Yun
v. Kim*, 2008 WL 906736, at *4 (E.D.N.Y. Apr. 1, 2008)).  An
employee is entitled to relief under New York law if he or she
"is paid by his or her employer less than the wage to which he
or she is entitled under the provisions" of the article.
N.Y.L.L. § 663(1).  The statute of limitations for an NYLL claim
is six years, *id.* § 663(3), and it begins to run when the
employee begins to work for the employer.  *See Wicaksono*, 2011
U.S. Dist. LEXIS 55771, at *8-9.  Plaintiffs' state claims are
also timely.

## DISCUSSION

I. **Defendants Qualify as Plaintiffs' Employers Under the FLSA and the NYLL**

    a. **Employment Relationship**

In order to establish a claim under the FLSA for minimum wage and overtime compensation, a plaintiff must show that there was an employment relationship between the plaintiff and the defendant as defined by the FLSA.  The FLSA defines "employee" as "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  It defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Second Circuit has adopted a multi-factor test based on "economic reality" to determine whether an employment relationship exists between the plaintiff and the defendant.  *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013).  The test asks whether the alleged employer-defendant "(1) had the power to hire and fire the employees, (2) supervised and controlled his work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id*. at 105  (quo*ting Carter v. Dutchess Community College*, 735 F.2d 8, 12 (2d Cir. 1984). The test looks at the totality of the circumstances, and no individual factor is dispositive.  *Id*. at 105.

Plaintiffs allege in their complaint that they were defendants' employees within FLSA's definitions, and that defendant Ahn is the president and owner of defendant Ichiba Inc. (Compl. at ¶¶ 2-5, 53.)  Plaintiffs have also alleged three of the four factors under the multi-factor test, specifically that defendants had the power and authority to hire and discipline plaintiffs, (*id*. at ¶¶ 31, 33), controlled plaintiffs' work schedules, (*id*. at ¶ 32, 35), and determined the amount and the manner in which plaintiffs were paid.  (*Id*. at ¶ 32.)  These allegations, in the context of plaintiffs' factual allegations regarding their work at the restaurant, are sufficient for a finding of an employment relationship under the FLSA.  *Guardado v. 13 Wall St., Inc*., No. 15-CV-02482 (DRH)(SIL), 2016 WL 7480358, at *3 (E.D.N.Y. Dec. 2, 2016), report and recommendation adopted, No. CV 15-2482(DRH)(SIL), 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016) (holding that plaintiff had sufficiently proven the employer-employee relationship by stating that he worked in a restaurant owned by defendant, that defendant paid him on a weekly basis by cash and check, and that defendant docked his pay if he missed work); *Fermin v. Las Delicias Peruanas Rest*., Inc., 93 F. Supp. 3d 19, 36 (E.D.N.Y. 2015) (holding that where plaintiffs have shown that individual defendants satisfied three of the four factors under the economic reality test, defendants are individually liable under

12

the FLSA).  A plaintiff's inability to show that the defendant kept employment records is not fatal to plaintiff's claims, particularly where, as here, the defendant's informal employment arrangements form a part of the basis for the complaint.  *See, e.g., Fermin*, 93 F. Supp. 3d at 36 (holding that plaintiff satisfied the employment relationship requirement although defendant did not keep employment records, and noting that failure to keep employment records is itself a violation of the FLSA).  Accordingly, the court finds that plaintiffs have established an employment relationship within the meaning of the FLSA to impose liability on the defendants.

### b. Non-exempt Employee Status

The FLSA further requires that the plaintiff-employee does not fall under any of its exemptions.  The FLSA does not extend minimum wage and overtime protections to "any employee employed in bona fide executive, administrative, or professional capacity ... or in the capacity of outside salesman."  29 U.S.C. § 213(a)(1).  Whether a plaintiff-employee falls under such exemptions is a question of law.  *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012).

Here, plaintiffs' alleged duties involved the interior construction of defendants' new restaurant.  (Am. Compl. at ¶¶ 5, 8, 12.)  Such duties do not render an employee exempt from FLSA's minimum wage and overtime protections.  *See, e.g., Vega*

13

*v. K & C Interior Constr. Corp.*, No. 18-cv-00182, 2018 WL 4376486, at *3 (holding that plaintiff's job as a carpenter constitutes non-exempt employment under the FLSA).

### c. Interstate Commerce Requirement

In addition, the FLSA requires that the plaintiff-employee is either (1) "engaged in commerce or the production of goods for commerce," or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce."[1]  29 U.S.C. §§ 206(a), 207(a).  To be an "enterprise engaged in commerce," the defendant-employer must have (a) an annual gross sales volume of at least $500,000, and (b) "employees handling, selling or otherwise working on goods or materials that have been moving in or produced for commerce by any person."  29 U.S.C. §§ 203(s)(1)(A)(i)-(ii); *see Valdez v. H & S Restaurant Operations, Inc.*, No. 14-cv-4701, 2016 WL 3079028, at *2 (E.D.N.Y. Mar. 29, 2016).

Here, plaintiffs merely recite the statutory requirements in their complaint without providing specific examples of interstate or international commerce.  (*See* Am. Compl. at ¶¶ 27, 48-51.)  Nevertheless, plaintiffs' allegations

---

[1] For the purposes of the FLSA, "commerce" is defined as interstate or international commerce.  29 U.S.C.A. § 203(b) (defining "commerce", in pertinent part, as "commerce ... among the several States or between any State and any place outside thereof"); *see Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015) (explaining interstate commerce requirement).

suffice to prove that defendant-employers are an enterprise engaged in interstate commerce. Based on plaintiffs' factual allegations that defendants operated a Japanese restaurant with over $500,000 annual sales, and given the defendants' failure to appear and defend, the court can reasonably infer that at least some materials handled by the plaintiff-employees have moved in interstate or international commerce, such as the tools, materials, and equipment provided by the defendants. *See Fermin*, 93 F. Supp. 3d at 33, 33 n.3 (inferring that at least some of the "myriad goods necessary to operate a Peruvian restaurant with eat-in dining area and over $500,000 in annual sales" moved or were produced in interstate commerce and listing cases confronting this issue); *but see Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 85-86 (E.D.N.Y. 2012) (Orenstein, M.J.) (stating that "inferring an interstate commerce nexus from nothing more than general description of an employer's business ... is in tension with both the presumption against default and purpose of Rule 55" but concluding that defendants had "forfeited any contention" that the FLSA did not apply, by defaulting after their answer and failing to contest the issue). Accordingly, the court finds defendant-employers are an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

## II.  The Ichiba Defendants are Jointly Liable

Plaintiffs allege that they are "entitled to recover from Defendants, jointly and severally." (Am. Compl. ¶ 98.) The court finds that Ichiba Inc. and Ichiba Smithstreet Inc. are jointly liable as they were both plaintiffs' employers. *See Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 153 (E.D.N.Y. 2019) ("Where there is a claim premised on joint liability, it is impossible for one defendant to be liable unless all other defendants are also liable.") However, David Ahn, the president and owner of Ichiba Inc., was never properly served with the amended complaint. Pursuant to Federal Rule of Civil Procedure 4(m), because Ahn was never properly served and the statute of limitations has expired, he must be dismissed. *See Zapata v. City of New York*, 502 F.3d 192, 195 (2d Cir. 2007). Because the individual defendant must be dismissed for lack of service, the plaintiffs cannot claim that the defendants are "jointly and severally" liable.

## III. Liability

### a. Defendants are Liable for Failing to Pay Plaintiffs their Wages as Required by the FLSA and the NYLL

Nam states that for the approximate fourteen weeks that he worked, defendants only paid him for about ten weeks of work. (ECF No. 31-1, Nam's Affidavit ¶ 9; Pl. Mem. at 1-2.) Ko states that for the approximate seven weeks that he worked,

16

defendants only paid him for about eleven days of work.  (ECF
No. 31-1, Ko's Affidavit ¶ 9; Pl. Mem.  at 2.)

        "Pursuant to section 191(a) of the NYLL, manual
workers like plaintiffs must 'be paid weekly and not later than
seven calendar days after the week in which the wages are
earned.'" *Chen v. JP Standard Constr. Corp.*, No. 14-CV-1086
(MKB) (RLM), 2016 WL 2909966, at *8 (E.D.N.Y. Mar. 18, 2016)
(quoting NYLL § 191(a)(i)), R&R adopted by 2016 WL 2758272
(E.D.N.Y. May 12, 2016).  Both federal and New York State law
require employers to "make, keep, and preserve" records of
employee wages, hours and employment conditions.  *See* 29 U.S.C.
§ 211(c); 12 NYCRR § 142-2.6; *Pineda v. Masonry Const. Inc.*, 831
F. Supp. 2d 666, 674 (S.D.N.Y. 2011) (citing the federal and
state statutes).  If an employer fails to produce these records,
the plaintiff may satisfy his or her burden of proving hours
worked by relying solely on his or her recollection.  *See*
*Daniels v. 1710 Realty LLC*, 497 Fed. Appx. 137, 139 (2d Cir.
2012) (citing *Kuebel*, 643 F.3d at 362); Choudry v. Durrani, No.
14-CV-4562 (SIL), 2016 WL 6651319, at *9 (E.D.N.Y. Nov. 10,
2016) (citing *Santillan v. Henao*, 822 F. Supp. 2d 284, 293-94
(E.D.N.Y. 2011)).  Where, as here, a defendant employer
defaults, a plaintiff's recollection and estimates of hours
worked are presumed to be correct.  *See Grochowski v. Phoenix*
*Const.*, 318 F.3d 80, 87-88 (2d Cir. 2003).  Specifically, a

17

plaintiff's affidavit that states the number of hours worked is sufficient. *See generally Wicaksono*, 2011 U.S. Dist. LEXIS 55771. Nonetheless, a plaintiff's approximations and estimates must be reasonable and appropriate. *See Jemine v. Dennis*, 901 F. Supp. 2d 365, 376-79 (E.D.N.Y. 2012).

### b. Defendants are Liable for Failing to Pay Plaintiffs their Overtime Premium as Required by the FLSA and the NYLL

Both federal and state law require that employers pay employees one and one-half times their "regular rate" for any hours worked in excess of forty hours in a given week. 29 U.S.C. § 207(a); 12 NYCRR § 142-2.2; *see also Luna v. Gon Way Constr., Inc.*, No. 16 Civ. 1411, 2017 WL 835321, at *10 (E.D.N.Y. Feb. 14, 2017), report and recommendation adopted, No. 16-CV-1411, 2017 WL 835174 (E.D.N.Y. Mar. 2, 2017); *Kolesnikow v. Hudson Valley Hosp. Ctr.*, 622 F. Supp. 2d 98, 118-20 (S.D.N.Y. 2009). "[A] plaintiff must provide sufficient detail about the length and frequency of unpaid work in order to support a reasonable inference that he or she worked more than forty hours in a given week." *Luna*, 2017 WL 835321, at *11 (internal quotations omitted). To state a plausible FLSA overtime claim, plaintiff must provide some factual context supporting his claim that he was uncompensated for time worked in excess of forty hours. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). A

18

plaintiff, however, does not need to actually estimate the number of hours he worked in "some or all workweeks." *Dejesus v. HF Mgmt. Servs.*, LLC, 726 F.3d 85, 90 (2d Cir. 2013) (internal quotations removed).  The same standard applies to stating an overtime claim under the NYLL.  *See Rocha v. Bakhter Afghan Halal Kababs, Inc*., 44 F. Supp. 3d 337, 351 (E.D.N.Y. 2014) ("[T]he NYLL adopts th[e] same standard ... [as the] FLSA definition of overtime into the [NYLL]." (quoting *Nakahata*, 723 F.3d at 200)).

Plaintiffs allege that they were not paid an overtime premium for the entirety of their employment in violation of the FLSA and the NYLL.  (Pl. Mem. at 1–2.)  Nam reports that he regularly worked seventy-five hours per week over the course of six days while employed by defendants.  (*Id*. at 1.)  Ko reports that he regularly worked sixty hours per week over the course of five days while employed by defendants.  (*Id*. at 2.) Accordingly, the court finds that defendants are liable under the FLSA and the NYLL for not paying Nam and Ko their overtime premiums.  *See Leon*, 2017 WL 1184149, at *7 (finding that defendants were liable for not paying plaintiffs an overtime premium pursuant to the FLSA and the NYLL where plaintiff alleged that he "regularly worked sixty hours per week over the course of six days while employed by defendants.").

### c. Defendants are Liable for Wage Notice and Wage Statement Violations

Plaintiffs seek to recover damages for defendants' alleged failure to provide plaintiffs with their written notice of their pay rates and their pay stubs, pursuant to NYLL § 195 and § 198. (Pl. Mem. at 3.)

Under New York Law, an employer must provide (1) at the time of hiring, a notice containing information such as "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage ... the physical address of the employer's main office ... the telephone number of the employer,"; and (2) "a statement with every payment of wages, listing ... the dates of work covered by that payment of wages" as well as pay rate information. N.Y. Lab. Law §§ 195-1(a), 195-3.

Plaintiffs both allege that they were never provided with a written notice of their rate of pay and that defendants failed to keep and preserve accurate payroll records. (Am. Compl. at ¶¶ 95-96.) It is undisputed that plaintiffs did not receive written notice of wage information when they were hired, nor did they receive their rate or manner of pay during their employment. (*Id.*) Additionally, defendants did not provide plaintiffs with their wage statements. (*Id.*) The court thus

20

finds defendant liable for failure to provide wage notice and wage statements to plaintiff. *See Herrera v. Tri-State Kitchen & Bath, Inc*., No.14CV-1695, 2015 WL 1529653, at *6 (E.D.N.Y. Mar. 31, 2015) (finding defendants liable under NYLL § 195(1)(a) and § 195(3) where plaintiffs "did not receive written notice of wage information when they were hired" and they "did not receive written notice ... with every payment of wages").

**IV.  Damages**

 **a. Compensatory Damages**

  **i. Defendants' Failure to Pay Wages**

Defendants are liable to plaintiffs for their unpaid wages. *See Chen*, 2016 WL 2909966, at *8 (citing NYLL § 191(a)(i)).  The overtime premium for these wages is calculated separately below.

Nam alleges that he worked a total of fourteen weeks and three days and that he should have been paid $1,500.00 per week.  (Pl. Mem. at 1.)  Defendants should have thus paid Nam a total of $21,750.00 ($1,500 x 14.5).[2]  Nam, however, alleges that he was only paid $7,000.00.  (*Id*. at 2.)  Defendants are therefore liable to Nam for unpaid wages in the amount of $14,750.00.

---

[2] Because Nam worked six days per week, three days is equivalent to half of a typical work week.  (*See* Am. Compl. ¶ 10.)

Ko alleges that he worked a total of seven weeks and that he should have been paid $1,750.00 per week. (*Id.* at 2.) Defendants should have thus paid Ko a total of $12,250.00 ($1,750 x 7). Ko, however, alleges that he was only paid $4,000.00. (*Id.* at 2.) Defendants are therefore liable to Ko for unpaid wages in the amount of $8,250.00.

### ii. Overtime Compensation

Under both the FLSA and NYLL, plaintiffs are entitled to overtime compensation of at least one and one-half times their regular hourly rate. *See* 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4. With respect to the calculation of regular hourly rate, the respective regulations promulgated under the FLSA and NYLL contain slightly different requirements. A plaintiff, however, may recover only once. *See, e.g., Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 262 n. 44 (S.D.N.Y. 2008). Generally, the court may rely on whichever statute provides the greater recovery. *See, e.g., Quiroz v. Dolceria*, Inc., No. 14-CV-871 (VVP), 2016 WL 2869780, at *3-4 (E.D.N.Y. May 17, 2016). The relevant regulations here yield the same result.

Under FLSA regulations, an employee's regular hourly rate is calculated by "dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113 (2016). There is a "rebuttable assumption that a weekly

22

salary covers 40 hours," and "the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours." *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999).

Here, defendants failed to rebut the 40 hour weekly presumption by their default. *See, e.g., Valdez*, 2016 WL 3079028, at *5 (finding weekly salary covers plaintiff's first forty hours worked absent defendant proffering evidence suggesting an agreement otherwise); *compare with Quiroz*, 2016 WL 2869780, at *3 (finding presumption rebutted by plaintiff's testimony that he was told to work from 8:00 a.m. to 5:00 pm when he was hired, thus indicating an agreement that the weekly salary was intended to compensate for these hours of work); *but see Santillan v. Henao*, 822 F. Supp. 2d 284, 295 (E.D.N.Y. 2011) (adopting recommendation that plaintiff's weekly compensation covers the total number of hours worked without discussing the issue of presumption). Accordingly, Nam's regular hourly wage was $37.50 ($1,500 per week/40 hours), and Ko's regular hourly wage was $43.75 ($1,750 per week/40 hours).

Under NYLL regulations, an employee's regular rate of pay is calculated simply by "dividing the employee's total weekly earnings ... by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." 12 N.Y.C.R.R. § 146-3.5. Here, the formula yields the same

23

regular hourly wages of $37.50 ($1,500 per week/40 hours) for Nam and $43.75 ($1,750 per week/40 hours) for Ko.  *See Quiroz*, 2016 WL 2869780, at *4 (dividing plaintiff's weekly salary by 40 hours under the NYLL regulations when he worked over 40 hours per week).

Nam alleges that he usually worked twelve hours per day and six days per week between September 12, 2018 and December 22, 2018.  (Pl. Mem. at 1.)  Nam was supposed to be paid $1,500 per week, for an average $37.50 per hour. Therefore, Nam's unpaid hourly overtime rate is $56.25 ($37.50 x 1.5).  *See* 29 U.S.C. § 207(a); NYLL § 198(1-a); 12 NYCRR § 142-2.2.  Nam worked thirty-five hours in excess of forty hours in a given week during his employment with defendants for a total of fourteen weeks.  Accordingly, defendants are liable for Nam's unpaid overtime compensation in the amount of $27,562.50 ($56.25 x 35 hours x 14 weeks).

Ko alleges that he usually worked twelve hours per day and five days per week between November 5, 2018 and December 21, 2018.  (Pl. Mem. at 2.)  Ko was supposed to be paid $1,750 per week, for an average $43.75 per hour.  Therefore, Ko's unpaid hourly overtime rate is $65.625 ($43.75 x 1.5).  *See* 29 U.S.C. § 207(a); NYLL § 198(1-a); 12 NYCRR § 142-2.2.  Ko worked twenty-two and a half hours in excess of forty hours in a given week during his employment with defendants for a total of seven

weeks.  Accordingly, defendants are liable for Ko's unpaid overtime compensation in the amount of $10,335.94 ($65.625 x 22.5 hours x 7 weeks).

### b. Liquidated Damages and Prejudgment Interest

#### i. Liquidated Damages

In addition to compensatory damages for defendants' failure to pay overtime, plaintiffs seek liquidated damages under the NYLL.  (Pl. Mem. at 2.)  The NYLL allows an employee to recover "liquidated damages equal to one hundred percent of the total amount of wages found to be due," unless the employer proves "a good faith basis to believe that its underpayment of wages was in compliance with the law."  N.Y. Lab. Law §§ 198(1-a), 663(1).  Here, defendants have not answered or otherwise appeared in this action, much less demonstrated a "good faith" basis for believing the "underpayment" of wages was lawful, as the NYLL requires to prevent the imposition of liquidated damages.  *See Herrera*, 2015 WL 1529653, at *12 (citing *Blue v. Finest Guard Servs. Inc.*, No. 09 CV 133(ARR), 2010 WL 2927398, at *11 (finding that a defendant's default may suffice to support a claim for liquidated damages).  Further, plaintiffs have alleged that defendants' NYLL violation was willful.  (Compl. at ¶ 1.)  Accordingly, the court awards Nam $42,312.50 ($14,750 in unpaid wages and $27,562.50 in overtime wages) and

awards Ko $18,585.94 ($8,250 in unpaid wages and $10,335.94 in overtime wages) for liquidated damages under the FLSA.

### ii. Prejudgment Interest

Plaintiffs seek prejudgment interest at the rate provided by the NYLL.  (Pl. Mem. at 3.)  Prejudgment interest is compensatory in nature and is not available where a plaintiff successfully claims liquidated damages under the FLSA because the plaintiff is considered to have been appropriately compensated through the award of liquidated damages.  *See Lopic*, 2017 WL 10845064, at *3-4; *see also Morales v. Mw Bronx, Inc.*, No. 15-cv-6296 (TPG), 2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016); *Hernandez v. Jrpac Inc.*, No. 14 CIV. 4176 (PAE), 2016 WL 3248493, at *35 (S.D.N.Y. June 9, 2016) (citing *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988) (per curiam)).  The NYLL, however, explicitly provides that a successful plaintiff should receive both liquidated damages and prejudgment interest.  *Hernandez*, 2016 WL 3248493, at *35 (citing N.Y. Labor Law § 198(1-a)); *see Morales*, 2016 WL 4084159, at *10 ("prejudgment interest is still appropriate where a plaintiff is awarded liquidated damages under the NYLL").  As the court is awarding Nam and Ko liquidated damages under the NYLL, it will also grant prejudgment interest.

To avoid double recovery, prejudgment interest is awarded only on the compensatory damages awarded under the NYLL,

not on the liquidated damages.  *Andrade v. 168 First Ave Rest. Ltd.*, No. 14CIV8268JPOAJP, 2016 WL 3141567, at *10 (S.D.N.Y. June 3, 2016), report and recommendation adopted, No. 14-CV-8268 (JPO), 2016 WL 3948101 (S.D.N.Y. July 19, 2016) ("The statutory interest rate ... would be applicable to plaintiffs' NYLL unpaid minimum, overtime and spread-of-hours wage claims" which are not duplicative of FLSA recovery).  Thus, in this case, plaintiffs may receive prejudgment interest on their unpaid wages and unpaid overtime claims, which as discussed *supra* total $42,312.50 for Nam and $18,585.94 for Ko.

Prejudgment interest on NYLL damage awards is calculated at 9% per year.  N.Y.C.P.L.R. § 5004.  For cases in which damages are "incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y.C.P.L.R. § 5001(b).  Courts have discretion in determining a reasonable date from which to award prejudgment interest, such as the "the earliest ascertainable date the cause of action existed," or a reasonable intermediate date if damages were incurred at various times.  *Santillan*, 822 F. Supp. 2d at 298 (quoting N.Y. C.P.L.R. § 5001(b)).

Here, for the sake of ease of calculation and transparency, the court will choose November 5, 2018 as the intermediate date for Nam, as it marks roughly the half-way

27

point in his employment with defendants.  Nam is owed daily
interest in the amount of $8.46 (($42,312.50 x 9% annual
rate)/365 days).  Using the November 5, 2018 midpoint,
Defendants owe Nam $49,545.80, which includes daily pre-judgment
interest up to March 9, 2021.

Similarly, the court will choose December 1, 2018 as
the intermediate date for Ko, as it marks roughly the half-way
point in his employment with defendants.  Ko is owed daily
interest in the amount of $3.72 (($18,585.94 x 9% annual
rate)/365 days).  Using the December 1, 2018 midpoint,
defendants owe Ko $21,669.82, which includes daily pre-judgment
interest up to March 9, 2021.

### c. Wage Notice and Statement Violations

Plaintiffs seek statutory damages under the WTPA.  For
an employer's failure to provide wage notice at the time of
hiring, an employee may recover $50 each workday, not to exceed
$5,000. N.Y. Lab. Law § 198(1-b).  For employer's failure to
provide wage statements, an employee may recover $250 each
workday, not to exceed $5,000. N.Y. Labor Law § 198(1-d).

The court applies the version of the WTPA in force at
the time of violations during plaintiff's employment.  *See,
e.g., Inclan v. N.Y. Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 501-
02 (S.D.N.Y. 2015) (awarding statutory damages under the WTPA

based on the relevant provisions effective at the time of a plaintiff's employment).

Nam worked eighty-seven days from September 19, 2018 to December 22, 2018. (Pl. Mem. at 1.) Therefore, based on the current WTPA, Nam is entitled to $4,350.00 ($50 x 87) for defendants' failure to provide wage notice and another $5,000.00 (statutory maximum) for defendant's failure to provide wage statements. Nam is thus entitled to a total of $9,350.00 in damages under the WTPA.

Ko worked thirty-five days from November 5, 2018 to December 21, 2018. (Pl. Mem. at 2.) Therefore, based on the current WTPA, Ko is entitled to $1,750.00 ($50 x 35) for defendants' failure to provide wage notice and another $5,000.00 (statutory maximum) for defendant's failure to provide wage statements. Ko is thus entitled to a total of $6,750.00 in damages under the WTPA.

### d. Attorney's Fees and Costs

#### i. Hourly Rate

Plaintiffs request attorney's fees and costs in the amount of $12,705. (ECF No. 31-3, Affidavit in Support of Attorney's Fees and Costs, filed April 21, 2020 ("Kim Aff.").) The FLSA and NYLL both provide for attorneys' fees "for actions to recover unpaid wages." *Olvera v. New Ko-Sushi,* 10 Civ. 4643, 2011 U.S. Dist. LEXIS 17650, at *15-16 (S.D.N.Y. Feb. 15, 2011).

The standard method for determining reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," or a "presumptively reasonable fee." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany and Albany Cnty. Bd. Of Elections*, 522 F.3d 182, 188–90 (2d Cir. 2007).  "The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and rates charged." *Fermin*, 93 F. Supp. 3d at 51 (citing *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).

In this case, "the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes." *Martinez v. New 168 Supermarket LLC*, 19-CV-4526 (CBA) (SMG), 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020) (*quoting Encalada v. Baybridge Enters. Ltd.*, 2014 WL 4374495, at *1 (E.D.N.Y. Sept. 2, 2014), aff'd, 612 F. App'x 54 (2d Cir. 2015)).  Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases. *Id.; see, e.g.*, *Rodriguez v. Yayo Rest. Corp.*, 2019 WL 4482032, at *8 (E.D.N.Y. Aug. 23, 2019), report and

recommendation adopted, 2019 WL 4468054 (E.D.N.Y. Sept. 18, 2019); *Elvey v. Silver's Crust W. Indian Rest. & Grill, Inc.*, 2019 WL 3937126, at *15 (E.D.N.Y. July 3, 2019); *Hernandez v. Delta Deli Mkt. Inc.*, 2019 WL 643735, at *4 (E.D.N.Y. Feb. 12, 2019).

Plaintiffs seek $11,695.00 in attorney's fees for 27.30 hours of work by Ryan J. Kim and Jia Choi.  (Pl Mem. at ¶ 3.)  Mr. Kim billed at the rate of $550 per hour.  (Kim Aff. at 3-6.)  Mr. Kim is an attorney at Ryan Kim Law, P.C., and has been practicing law since 2002.  (Kim Aff. at ¶ 6.)  Mr. Kim's practice consists primarily of labor and employment matters. (*Id.* at ¶ 4.)

The court recalculates attorneys' fees for work performed by Mr. Kim based on an hourly rate of $450.  An hourly rate of $450 remains within the range of rates found reasonable for partners with twenty or more years of experience in this District.  *See Thomas v. City of New York*, 14 Civ. 7513 (ENV) (VMS), 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017) (awarding $450 per hour to a civil rights lawyer with over 20 years of experience).  Rates of $500 per hour or higher in FLSA cases have generally been reserved for attorney with more experience than Mr. Kim.  *See, e.g., Chawla v. Metro. Oral Surgery Assocs., P.C.*, No. 11 Civ. 6248 (RRM) (VMS), 2014 WL 4678023, at *11 (E.D.N.Y. Sept. 19, 2014) (where the Court departed from the

31

forum rule and awarded $525 per hour to an attorney with 40 years' experience).

Mr. Kim's affidavit also sets forth the hourly billing rate of Jia Choi whose time was billed at $150. (Kim Aff. at 3-6.) The affidavit, however, does not provide any information about Jia Choi's background or work experience. This court recommends that plaintiff's counsel submit an affidavit establishing the number of years Jia Choi has been practicing law and in which jurisdictions, as well as her practice areas of expertise.

### ii. Number of Hours

The Second Circuit requires that attorneys' fee applications include contemporaneous time records showing the date the work was performed, "the hours expended, and the nature of the work done" for each attorney or paralegal working on the matter. *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568(JG), 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012) (quoting *N.Y.S. Ass'n for Retarded Children*, 711 F.2d at 1148); *see Scott v. City of N.Y.*, 643 F.3d 56, 58-59 (2d Cir. 2011). In reviewing a fee application, the district court must examine the hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case. *See Lunday v. City of Albany*, 42 F.3d 131, 133 (2d Cir. 1994); *DiFilippo v.*

32

*Morizio*, 759 F.2d 231, 235 (2d Cir. 1985).  If any expenditure of time was unreasonable, the court should exclude these hours from the calculation.  *See Hensley*, 461 U.S. at 434; *Lunday*, 42 F.3d at 133.

To determine the reasonable hours expended on the litigation, the district court must "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 303 (E.D.N.Y. 2012) (*quoting Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)).  The court should exclude "excessive, redundant or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." *Andrews v. City of N.Y.*, No. 14-CV-4845 JBW (JO), 2015 WL 2237060, at *3 (E.D.N.Y. May 12, 2015) (*quoting Quaratino v. Tiffany & Co*., 166 F.3d 422, 425 (2d Cir. 1999)).

Over the course of approximately fifteen months, plaintiffs' counsel expended a total of 27.3 hours litigating this case. (Kim Aff. at 3-6.)  The court finds the 27.3 hours expended by counsel to be a reasonable amount. *See Villarrubia v. La Hoguera Paisa Restaurant & Bakery Corp*., 18-CV-4929 (AMD) (PK), 2020 WL 6430327, at *2 (E.D.N.Y. Oct. 9, 2020) (finding that 35.45 hours billed over the course of thirteen months to be largely reasonable).

Attorneys' fees will be calculated using the reduced hourly rate of $450 for Mr. Kim and upon submission of an affidavit describing Jia Choi's legal experience.

### iii. Costs

In addition to attorney's fees, plaintiffs seek reimbursement of $1,010.00 in costs incurred in bringing this action.  (Kim Aff. at 6.)  This amount consists of a $400.00 filing fee and $550.00 in service fees.  (*Id.*)  The court awards $960 in costs as David Ahn was never properly served.[3]

### e. Post-Judgment Interest

Plaintiffs are entitled to post-judgment interest on all money awards as a matter of right. *See Tacuri v. Nithin Constr. Co.*, No. 14 Civ. 2908(CBA)(RER), 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015) (awarding plaintiffs post-judgment interest, despite their failure to request post-judgment interest, on all sums awarded concerning their FLSA and NYLL wage-and-hours claims).  Pursuant to 28 U.S.C. § 1961, "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks and citation omitted).  As

---

[3] The invoice provided by the plaintiffs' attorneys shows that on 8/7/2019, special process service was paid for all defendants, but David Ahn was never properly served, thus $50 has been deducted from the total costs requested. (See ECF No. 31-3, Affidavit of Attorney's Fees and Costs at 6.)

such, post-judgment interest shall accrue at the federal statutory rate until the judgment is paid in full.  28 U.S.C. § 1961.

## Conclusion

For the foregoing reasons, plaintiffs' motion for default judgment is granted.  Pursuant to Federal Rule of Civil Procedure 4(m), defendant, David Ahn is dismissed for improper service.  The court orders that plaintiffs are entitled to the following from the Ichiba defendants jointly:

- (1) compensatory unpaid wage damages of $14,750 to Nam and $8,250 to Ko;

- (2) compensatory overtime damages of $27,562.50 to Nam and $10,335.94 to Ko;

- (3) liquidated damages of $42,312.50 to Nam and $18,585.94 to Ko;

- (4) WTPA damages of $9,350 to Nam and $6,750 to Ko;

- (5) prejudgment interest of $49,545.80 to Nam and $21,669.82 to Ko;

- (6) costs of $960, but attorneys' fees to be calculated upon submission of an affidavit describing Jia Choi's legal experience; and

- (7) post-judgment interest pursuant to 28 U.S.C. § 1961, calculated from the date judgment is entered until the date the judgment is paid in full.

The Clerk of Court is directed to enter Judgment

accordingly, and to close this case.

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 9, 2021

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York